tively reasonable under the circumstances of this case"). We reject Chim Coyoy's contentions that the agency decisions were insufficient and failed to adequately review the evidence. Thus, Chim Coyoy's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Chim Coyoy failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Guatemala if returned. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

Sergio **GOMEZ–GONZALEZ**, aka **Javier Gomez, Petitioner,**

v.

Loretta E. **LYNCH, Attorney General, Respondent.**

No. 13–71893.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 27, 2015.

Sergio Gomez–Gonzalez, Pacoima, CA, pro se.

Lynda Do, OIL, U.S. Department Of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Depart-

ment of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Sergio Gomez–Gonzalez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Gomez–Gonzalez established changed or extraordinary circumstances to excuse the untimely filing of his asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Thus, we deny the petition as to Gomez–Gonzalez's asylum claim.

Substantial evidence supports the agency's finding that Gomez–Gonzalez failed to establish the harm he suffered or feared was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1098 (9th Cir.2011) (per curiam) (evidence demonstrated former officer was

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

shot at and threatened because he had arrested particular criminal, not on account of his status as a former police officer); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, Gomez–Gonzalez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Gomez–Gonzalez failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

We lack jurisdiction to consider Gomez–Gonzalez's contention that his case warrants a favorable exercise of prosecutorial discretion. *See Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order). We also lack jurisdiction to consider Gomez–Gonzalez's contentions regarding eligibility for cancellation of removal because he withdrew this application before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Finally, the court lacks jurisdiction to consider Gomez–Gonzalez's contention regarding reopening, as he did not present a request for reopening before the agency. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.